**SIGNED.**

Dated: May 08, 2009

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| MARCIE I PATTERSON, | ) | No. 4:09-bk-06365-JMM |
| Debtor. | ) | **MEMORANDUM DECISION** |

The Debtor (pro se) and lessor creditor, Volvo Car Finance, have filed a Stipulation (DN 15) asking this court to approve an agreement between them in which the Debtor is to assume the existing lease in a 2006 Volvo, and in the process will "waive the affect, if any [of] the discharge under 11 U.S.C. § 524(a)."

Such an agreement, however, is against public policy and is unsupported by bankruptcy law. In the absence of a more specific statutory reference, the creditor is not entitled to a waiver of discharge. Moreover, the requested stipulation is premature.

The Debtor filed a pro se chapter 7 petition on April 1, 2009. A trustee, Gayle Eskay Mills, was appointed. To date, the Trustee has not assumed or rejected the vehicle lease, and she has full control over the Debtor's assets. 11 U.S.C. § 323.

That control includes the estate's rights to assume or reject executory contracts and unexpired leases. § 365(a). But, if the Trustee fails to make an election within 60 days after the entry of the order for relief (usually the date of filing), the lease is deemed rejected. § 365(d)(1). Under § 365(d)(5), the Trustee is relieved of making timely payments on leases which are to an individual for personal use, once the 60-day period expires.

In the Debtor's statement of intention, the Debtor indicated that she desired to assume the lease, under § 365(p)(2). But this option is available to a debtor only upon the passage of the trustee's 60-day period (here, June 1, 2009). This period could be shortened if the Trustee agrees, and stipulates that the estate has no further interest, or abandons the estate's interest.

The court is also concerned with the Stipulation's language waiving the effect of a debtor's discharge. Perhaps the parties can illuminate the court to that sensitive issue, once the Trustee has made her intentions known as to this asset.

For now, the proposed Stipulation will be rejected, and not approved, without prejudice.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Marcie I. Patterson, Debtor

Gayle Eskay Mills, Trustee

Alan M. Levinsky, Attorney for Volvo Car Finance, N.A./Cab West LLC

Office of the U.S. Trustee